**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 95-7979**

ELLIOTT GAINES,

Plaintiff - Appellant,

versus

JOHN B. METZGER, III; JAMES S. GILMORE, III;
RON ANGELONE; JOHN JABE; GEORGE ALLEN,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-95-1468-AM)

Submitted: June 28, 1996          Decided: July 26, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Elliott Gaines, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant appeals from the district court's order denying relief without prejudice on his complaint regarding his parole denial. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm in part as to any habeas corpus claims that Gaines raised challenging the actual denial of parole and seeking release on the reasoning of the district court. Gaines v. Metzger, No. CA-95-1468-AM (E.D. Va. Nov. 9, 1995).

We dismiss the appeal of any claims made under 42 U.S.C. § 1983 (1988) challenging the procedures used by the state in making parole determinations. The district court's dismissal without prejudice of these claims is not appealable. See Domino Sugar Corp. v. Sugar Workers' Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993). In ascertaining whether a dismissal without prejudice is reviewable in this court, we must determine "whether the plaintiff could save his action by merely amending the complaint." Id. A dismissal without prejudice is a final, appealable order only if "no amendment [to the complaint] could cure the defects in the plaintiff's case." Id. at 1067. Because Appellant could amend his complaint to specify only challenges to parole procedures under § 1983, see Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1 (1979), we dismiss the appeal for lack of jurisdiction because we find that portion of the order is not appealable.

2

We deny Appellant's motion to appoint counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART